Gary ROGERS *v.* Charles L. DANIELS, Director
of Labor, and PERKINS & SON BODY SHOP

E 80-244                                      621 S.W. 2d 227

Court of Appeals of Arkansas
Opinion delivered September 16, 1981

JAMES R. COOPER, Judge. This is the second appeal of this case. In an opinion (not designated for publication) delivered March 11, 1981, we remanded this case to the Board of Review so that it could conduct a new hearing and

provide an opportunity for appellant to submit proof as to certain matters.

Appellant was initially denied benefits by the Agency because he indicated he had left his job in Texas on August 22, 1980, because of certain conditions in Texas. He specifically indicated that the cost of living in Texas was too high; that he wanted his daughter to go to a smaller school; that there were no hunting areas where he lived, and only one fishing lake, and that traffic was congested on his way to and from work. After the Agency denial, appellant wrote the Appeal Tribunal, stating that his real reason for quitting was to accompany his wife to a new job as a cook in a school cafeteria at Bodcaw, Arkansas. The Appeal Tribunal, in the original decision which was affirmed by the Board of Review, found that appellant voluntarily quit his last work without good cause connected with his work.

Under Ark. Stat. Ann. § 81-1106 (a) (Supp. 1981), a claimant shall not be disqualified if he quits his work "to accompany his spouse to a new place of residence if he has clearly shown, upon arrival at the new place of residence, an immediate entry into the new labor market and is, in all respects, available for suitable work." Since the question of whether appellant had immediately entered the labor market was not fully developed we remanded the case.

On remand, the Board of Review restated appellant's original statements concerning the cost of living and other factors in Texas and then found:

> After a study of the testimony presented, the Board of Review finds that the claimant did accompany his spouse to a new residence and that upon arrival at the new residence, he made an immediate entry into the new labor market, but it is evidence (sic) from the claimant's statements that the claimant had voluntarily decided to quit his last work for personal reasons made prior to his wife being under contract. The fact that his wife's contract became effective August 25, 1980, might have determined the date of claimant's termination, but the causes for the claimant quitting his job, as well as the causes for his wife being under

contract, were for the personal reasons which the claimant confirmed throughout his testimony and cannot be considered to be within the intent or meaning of § 5(a) of the Arkansas Employment Security Law. The Board of Review rules that the claimant is disqualified for benefits under the provisions of the above section of the law.

Ark. Stat. Ann. § 81-1107(d)(7) provides that findings by the Board of Review, if supported by evidence are conclusive and the jurisdiction of this Court is confined to questions of law. It is obvious that the Board of Review determined both questions of fact and issue in favor of appellant, that is, that he did leave his prior employment to accompany his spouse to a new job, and that he did immediately enter the labor market. However, the Board of Review appears to have added a third requirement which we do not find in the statute. The Board indicated that where an individual seeks work at a new place of residence and is planning to leave prior to the time his spouse acquires a new job that somehow this should disqualify him as being contrary to the intent of the Employment Security Law. There is certainly no such requirement in the statute and we find that no such requirement is appropriate or allowable. In fact, the Board's comment that his causes for quitting his job as well as the reasons for his wife obtaining new employment were for personal reasons is confusing. It is extremely difficult to conceive of any set of facts where that would not be true. The decision of a family to relocate either because of a transfer or because of a desire to better themselves is always a personal decision and we can conceive of virtually no set of circumstances where the decision to move to a new place and obtain employment would not be denominated a personal choice. In any event, no such requirement appears in the statute and, since the Board of Review has specifically found that claimant met the requirements of Ark. Stat. Ann. § 81-1106 (a) (Supp. 1981), its decision must be reversed and the case remanded with instructions to award benefits to appellant as provided by statute.

Reversed and remanded.

CLONINGER, J., dissents.